# STATE OF MICHIGAN

# COURT OF APPEALS

---

SUSAN BLACKWELL,

       Plaintiff-Appellant,

v

DEAN FRANCHI and DEBRA FRANCHI,

       Defendant-Appellee.

FOR PUBLICATION
January 31, 2017

No. 328929
Oakland Circuit Court
LC No. 14-141562-NI

---

Before: K. F. KELLY, P.J., and GLEICHER and SHAPIRO, JJ.

K. F. KELLY (*dissenting*).

I respectfully dissent. The relevant inquiry is not whether the *step* was open and obvious, but whether the *dark room* was open and obvious.

I agree with the majority that plaintiff was a licensee for whom defendants had an obligation to warn of hidden dangers. At the heart of this matter is what constituted the "danger" to plaintiff – the unexceptional 8-inch step or the dark room? At oral argument, plaintiff's attorney conceded that there was absolutely nothing remarkable about the step. Counsel specifically acknowledged that it was a normal 8-inch step that, had the room been properly lit, would have been open and obvious. Plaintiff claims that the step was a danger because it was "unknown." However, it was unknown because plaintiff purposefully entered a dark room to confront unidentified dangers. The danger was not the stairs, but the dark room itself, which could have contained a variety of other unspecified and common-place "dangers," such as laundry baskets or toys. The fact that the room was not lit was open and obvious. Plaintiff should have realized the danger entering a dark and unknown room posed. I would affirm summary disposition in defendants' favor.

              /s/ Kirsten Frank Kelly

-1-